Gregory R. Preston, Esq. (GP6138)
Preston & Wilkins, LLC
76 South Orange Avenue, Ste. 210
South Orange, New Jersey 07079-1923
212-809-5808
Attorneys for Timiyah B. Gardner

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------X

| | |
|---|---|
| TIMIYAH B. GARDNER, | CIVIL ACTION NO.  2:22-CV-6232 |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| -against- | |
| TOWNSHIP OF SPRINGFIELD, FOSTER ZIEGLER, JAMES MARABLE, and JOHN & JANE DOES 1-50 AND XYZ CORPORATION 1-50, | |
| Defendants. | |

-------------------------------------------------------X

Plaintiff Timiyah Gardner, by her attorneys Preston & Wilkins, complaining of the Defendants alleges and says:

## PRELIMINARY STATEMENT

1. This is an action for money damages for violation of the rights of Plaintiff Timiyah Gardner (hereinafter "Gardner") by Defendants pursuant to 42 *U.S.C.* § 1983 and 1985, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, the New Jersey State Constitution, and the common law.  The Defendants, acting at all relevant times under color of state law, falsely arrested the Plaintiff without probable cause by taking her into custody and maliciously prosecuted Plaintiff.

2. Defendants Township of Springfield ("Springfield"), Police Officer Foster Ziegler ("PO Ziegler"), Police Officer James Marable ("PO Marable"), John & Jane Does 1-50 (hereinafter "J&J Does") and XYZ Corporation 1-50 (hereinafter "XYZ Corp.") caused and/or

contributed to causing the false arrest, malicious prosecution of Plaintiff, and violation of Plaintiff's Civil Rights pursuant 42 *U.S.C.* §§ 1983.

3. Plaintiff files this action pursuant to the Civil Rights Act of 1866, 42 *U.S.C.* §§ 1983 and 1985 as amended by the Civil Rights Act of 1991, the New Jersey State Constitution and the common law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 *U.S.C.* §§ 1331 and 1343(1), (3), and (4), s claims set forth herein allege violations of 42 *U.S.C.* §§ 1983 and 1985 as amended by the Civil Rights Act of 1991.  Plaintiff also invokes the pendent jurisdiction of this Court to hear and decide claims under the New Jersey State Constitution and the common law.

5. Venue in this District is proper under 28 *U.S.C.* § 1391(b) because the events or omissions giving rise to the claims alleged in this complaint occurred in this District.

6. On or about February 28, 2022, Plaintiff duly filed with the Township of Springfield a verified notice of claim setting forth Plaintiff's claim to sue for payment of such claims.

7. More than thirty (90) days have elapsed since the filing of said notice of claim and before the commencement of this suit and payment of said claim has not been made.

8. Plaintiff has duly complied with all statutory provisions and laws applicable to Defendants and has duly and timely complied with all the conditions precedent to the making of this claim and the bringing of this action.  This claim has been presented, and this action has been commenced, within the period of time prescribed and provided by statute and law.

## PARTIES

9. Plaintiff Gardner is an African American female citizen of the United States.  At the time of this incident, the Plaintiff was a resident of the County of Union, Union, New Jersey and of full age.

10. Defendant Springfield is a municipal corporation within the State of New Jersey and owns, operates, manages, directs, and controls the Springfield Police Department, which employs the named Defendant police officers.

11. Defendant PO Ziegler is a police officer in the Springfield Police Department, responsible for the upholding and enforcing the law of the Township of Springfield and was at all times relevant herein involved in the investigation, arrest, and prosecution of the Plaintiff. Defendant PO Ziegler is being sued in both his individual and official capacities.

12. Defendant PO Marable is a police officer in the Springfield Police Department, responsible for the upholding and enforcing the law of the Township of Springfield and was at all times relevant herein involved in the investigation, arrest, and prosecution of the Plaintiff. Defendant PO Marable is being sued in both his individual and official capacities.

13. At all times hereinafter relevant, Defendants Unknown Police Officers, J&J Does, were police officers employed by Defendant Springfield.  It is believed that J&J Does were police officers or government officials, who were involved in the investigation, arrest, and malicious prosecution of the Plaintiff, are being sued in both their individual and official capacities.

14. At all times hereinafter relevant, Defendants XYZ Corp., were entities who were involved in the investigation, arrest, and prosecution of the Plaintiff.

## STATEMENT OF FACTS

15. On or about November 24, 2021, Plaintiff Gardner was a passenger in a 2007 BMW which was stopped at a BP Gas Station in Springfield.

16. Upon information and belief, an altercation ensued between an employee of the BP Gas Station and the driver/owner of the BMW vehicle Plaintiff was a passenger in.

17. Upon information and belief, the police, including Defendant Ziegler and Marable investigated the incident between the BMW driver/owner and the BP Gas Station employee.

18. As part of Defendants' investigation, Defendants contacted Plaintiff's mother and asked to speak with Plaintiff.

19. The officers requested that Plaintiff provide the phone number of the BMW driver/owner.

20. At the time, Plaintiff was unable to provide the phone number for the BMW driver/owner.

21. On or about November 29, 2021, Defendants went to Plaintiff's home and advised that they had a warrant for her arrest.

22. On or about November 30, 2021, Plaintiff Gardner went to the Springfield Police Department and turned herself in.

23. Plaintiff Gardner was placed under arrest by the Defendants and charged with violations of 2C:15-1A(1), 2C:12-1B(1), 2C:20-3A, and 2C:5-2A(1) (conspiring to rob and assault).

24. The Defendants made the arrest knowing that Plaintiff's arrest was without probable cause and that she was not involved in the altercation between the BMW driver/owner and the BP Gas Station employee, nor the purported robbery.

25. As a result of her unlawful arrest, Plaintiff Gardner was held in custody for 36 hours.

26. Additionally, Plaintiff had to retain an attorney and make multiple court appearances.

27. During and after the Plaintiff's prosecution, Plaintiff suffered mental anguish and psychological injuries which she received as a result of the unlawful and wrongful arrest, imprisonment, and prosecution committed by the Defendants.

28. The charges against Plaintiff were eventually dismissed by the Court, prior to a presentation of her case to a Grand Jury or an indictment.

29. The false criminal charges against Plaintiff and Plaintiff's wrongful arrest, imprisonment, and prosecution were caused by the Defendants' lack of knowledge of any legitimate cause or justification and their actions were intentional, malicious, reckless, and in bad faith.

30. That the detention, false arrest, and malicious prosecution of the Plaintiff took place without probable cause and consent; was conducted within the scope of and during the employment of said Defendants; and as such were within the knowledge of, approved, and ratified by Defendant Springfield.

31. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious injuries, including but not limited to mental anguish, emotional and psychological distress, physical pain, and suffering, which some or all of may be permanent.

32. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of her rights, privileges, and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New Jersey.

### **FIRST CAUSE OF ACTION**
(False Arrest)

33. Plaintiff incorporates herein each and every allegation contained in Paragraph 1 through 32 of this complaint, as if fully set forth herein.

34. Plaintiff was arrested without probable cause.

35. Subsequent to the arrest, charges were filed against Plaintiff, Defendants continued to pursue proceedings against the Plaintiff without any justification.

36. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

37. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

## SECOND CAUSE OF ACTION
(Malicious Prosecution)

38. Plaintiff incorporates each and every allegation contained in Paragraphs 1 through 37 of this Complaint, as if fully set forth herein.

39. On or about November 30, 2021, Defendants in their capacity as employees of Defendants, maliciously and without probable cause arrested Plaintiff Gardner and charged her with conspiracy to rob and assault.

40. The acts and omissions of Defendants, including the initiation and pursuit, without cause, of false criminal charges, all of which charges against Plaintiff Gardner were duly dismissed or withdrawn, constitute tortious and malicious prosecution based on Plaintiff's race.

41. As a result of the arrest, detention and malicious prosecution of Plaintiff by Defendants, Plaintiff was subjected to intense emotional distress and immense anguish, being placed in the county jail, and being further treated with great indignity and humiliation, made to suffer outrageous pain and distress of mind and body, prevented from attending to her usual business affairs, and injured in her good name and reputation in the community.

42. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

43. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

### THIRD CAUSE OF ACTION
(False Imprisonment)

44. Plaintiff incorporates herein each and every allegation contained in Paragraph 1 through 43 of this complaint, as if fully set forth herein.

45. As a result of the arrest of Plaintiff without probable case, Plaintiff was held in custody and unlawfully detained in violation of her constitutional right to be free from deprivations of Plaintiff's liberty without due process of law.

46. Subsequent to the arrest, charges were filed against Plaintiff, Defendants continued to pursue proceedings against the Plaintiff without any justification.

47. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

48. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

### FOURTH CAUSE OF ACTION
(Malicious Abuse of Process)

49. Plaintiff incorporates herein each and every allegation contained in Paragraph 1 through 48 of this complaint, as if fully set forth herein.

50. Subsequent to the arrest, charges were filed against Plaintiff, Defendants continued to pursue proceedings against the Plaintiff without any justification.

51. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

52. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
(Unlawful Deprivation of Constitutional Rights and 42 U.S.C. § 1983)

53. Plaintiff incorporates herein each and every allegation contained in Paragraph 1 through 52 of this complaint, as if fully set forth herein.

54. Each of the Defendants individually, and in concert with others, acted under pretense and color of law, and in their official capacities.

55. The acts of the Defendants and each of them individually, and in concert with each other, were beyond the scope of their jurisdiction and without authorization of the law.

56. The said acts of Defendants were in abuse of their powers and each Defendant acted willfully, knowingly and with specific intent to deprive Plaintiff of her rights to freedom from unlawful arrest and detention; all said rights being secured to Plaintiff under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and 42 *U.S.C.* §§ 1983 and 1985.

57. The acts of Defendants alleged herein were committed either with the knowledge and consent of Defendant Springfield or were thereafter approved and ratified by said Defendant, or were the result of gross negligence of Defendant Springfield in training, hiring, supervising, and controlling the actions of Defendants Springfield while in the performance of their duties and official capacities, although Defendant Springfield knew or should have known, that Defendants were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New Jersey Criminal law.  The harm suffered by Plaintiff was a direct result of a policy or custom of the Defendant Springfield, which in implementing a grossly inadequate training

program for Defendants displayed a deliberate indifference to the constitutional rights of citizens, including Plaintiff, within the jurisdiction of Springfield, New Jersey.

58. The conduct of J&J Does violate clearly established statutory and constitutional rights of which a reasonable person would have knowledge and understanding, and therefore, the Defendants are liable in their individual capacities for Plaintiff's injuries sustained herein.

59. Plaintiff alleges that in doing the acts complained of above, the Defendants were conspirators engaged in a scheme and conspiracy, designed, and intended to deny and deprive her of her rights in violation of 42 *U.S.C.* § 1985; said rights being guaranteed to Plaintiff under the Constitution and laws of the United States.

60. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

61. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

## **SIXTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

62. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 61 of this Complaint, as if fully set forth herein.

63. By unlawfully arresting and maliciously prosecuting Plaintiff, Defendants did intentionally and willfully inflict emotional distress upon Plaintiff.

64. The acts and omissions of Defendants were committed by Defendants in their official capacities as employees and agents of Defendant Springfield, and upon the request, command, and procurement of Defendants.

65. As a direct and proximate result of Defendants' actions herein, Plaintiff was greatly humiliated, injured in her reputation, became sick, sore, and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

66. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

67. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 66 of this Complaint, as if fully set forth herein.

68. As employees and agents of Defendant Springfield and responsible for safeguarding the public, Defendants owed to Plaintiff a duty of reasonable care.

69. By unlawfully detaining and arresting, and maliciously prosecuting Plaintiff, Defendants breached their duty of care to Plaintiff.

70. The acts and omissions of Defendants were committed by Defendants in their official capacities as employees and agents of Defendant Springfield, and upon the request, command, and procurement of Defendants.

71. As the direct and proximate result of Defendants' actions herein, Plaintiff was greatly humiliated, injured in her reputation, became sick, sore, and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

72. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
(Negligent Hiring, Training and Supervision of Defendants)

73. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 72 of this Complaint, as if fully set forth herein.

74. The wrongful acts and omissions of Defendants resulted from the negligent hiring, training, and supervision of Defendant by Defendant Springfield and on information and belief, resulted from the gross negligence of Springfield in supervising and permitting Defendants PO Ziegler and PO Marable to continue in official capacities without appropriate controls, supervision, and/or training, although Defendant Springfield knew or should have known, that Defendants PO Ziegler and PO Marable were inexperienced in police work and inadequately trained and unfamiliar with the provisions of the New Jersey Criminal Law.

75. As the direct and proximate result of Defendants' actions herein, Plaintiff was greatly humiliated, injured in her reputation, became sick, sore, and disabled, and has suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

76. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

## NINTH CAUSE OF ACTION
(Respondent Superior)

77. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

78. Defendant Springfield as the employee respondent superior of Defendant PO Ziegler, Defendant Marable and J&J Does is responsible and liable for the unlawful acts of the Defendants.

79. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

80. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

### TENTH CAUSE OF ACTION
(Municipal Custom)

81. Plaintiff incorporates herein each and every allegation contained in Paragraphs 1 through 79 of this Complaint, as if fully set forth herein.

82. It was the policy and custom of Defendant Springfield to threaten and arrest African Americans without probable cause and to maliciously continue process against African Americans, without justification or cause.

83. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer injuries, including but not limited to mental, emotional, and psychological injuries, some or all of which, on information and belief, may be permanent.

84. By reason of the foregoing, Plaintiff has suffered damages in the amount to be determined at trial.

WHEREFORE, Plaintiff demands the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages in the amount to be determined at trial, plus interest and costs;

B. Punitive damages in the amount to be determined at trial;

C. Attorneys' fees and costs of this litigation, as provided by 42 *U.S.C.* § 1983 and 1988; and

D.  Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure the Plaintiff hereby demands trial by jury on all triable issues of law.

Dated:   October 24, 2022  
         South Orange, New Jersey

Yours etc.,  
Preston & Wilkins LLC

*/s/ Gregory R. Preston*

By:  Gregory R. Preston, Esq. (GP6138)  
Attorneys for Plaintiff  
76 South Orange Avenue, Suite 210  
South Orange, New Jersey 07079  
Tel:  212-809-5808  
Fax:  212-898-9034

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TIMIYAH B. GARDNER

**DEFENDANTS**
TOWNSHIP OF SPRINGFIELD, FOSTER ZIEGLER, JAMES MARABLE, and JOHN & JANE DOES 1-50 AND XYZ CORPORATION 1-50

(b) County of Residence of First Listed Plaintiff: Union
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory R. Preston, Preston & Wilkins, LLC
76 South Orange Avenue, Suite 210
South Orange, New Jersey 07079; 212-809-5808

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
- **Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE:
DOCKET NUMBER:

DATE: October 24, 2022
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE