UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Timiyah B. Gardner,

    *Plaintiff*,

v.

Township of Springfield, et al.,

    *Defendants*.

No. 22-cv-6232 (MEF)(CLW)

<u>OPINION and ORDER</u>

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the procedural history and allegations of this case.

\*   \*   \*

The Defendant,[1] a prosecutor, moves to dismiss the federal claims against him based on absolute immunity, among other things. <u>See</u> Motion to Dismiss at 12-17; Letter (July 26, 2024) at 5-7.

The motion is granted.

\*   \*   \*

"To earn the protections of absolute immunity at the motion-to-dismiss stage, a defendant must show that the conduct triggering absolute immunity clearly appears on the face of the complaint." <u>Weimer</u> v. <u>Cnty. of Fayette, Pennsylvania</u>, 972 F.3d 177, 187 (3d Cir. 2020) (cleaned up).

That is this case.

Per the Complaint, a police officer asked the Defendant-prosecutor whether a police-prepared affidavit established probable cause to arrest a particular person. <u>See</u> Complaint ¶¶ 30, 32. The Defendant-prosecutor said yes. <u>See</u> <u>id</u>. at ¶¶ 33-34.

---

[1] James Brady.

The officer presented the affidavit to a judge, who then issued a warrant.  See id. at ¶ 35; accord Letter (July 2, 2024) at 1.  Pursuant to that warrant, the person described in the affidavit was arrested.  See Complaint ¶¶ 23, 25; accord Letter (July 2, 2024) at 1.

The arrestee eventually brought the instant lawsuit, claiming her arrest was unlawful.  (From here, the arrestee is referred to as "the Plaintiff."[2])

\*    \*    \*

Based on these allegations, the Defendant-prosecutor is absolutely immune from the lawsuit.

The Supreme Court has held that a prosecutor's "activities in connection with the preparation and filing of . . . [a] motion for an arrest warrant . . . are protected by absolute immunity."  Kalina v. Fletcher, 522 U.S. 118, 129 (1997).  And all of the relevant allegations here are about just that.

Therefore, Kalina dictates the outcome of this case.

And there is on-point Third Circuit precedent, too.  In Weimer, police officers prepared a criminal complaint, which a prosecutor approved.  972 F.3d at 189.  The person arrested pursuant to the complaint later sued the prosecutor, claiming the charges should not have been brought.  See id. at 182.  The Third Circuit's conclusion: the prosecutor was absolutely immune for her role in approving the criminal complaint.  See id. at 189.[3]

Other cases point in the same direction.  See, e.g., LeBlanc v. Stedman, 483 F. App'x 666, 669 (3d Cir. 2012); see also Natividad v. Raley, 2023 WL 7412931, at \*4 (E.D. Pa. Nov. 9, 2023); Vinosky v. Consiglio, 2021 WL 4461266, at \*10 (W.D. Pa. Sept. 29, 2021) (dicta); Torres v. Murillo, 2018 WL 1953214, at \*3-4 (D.N.M. Apr. 25, 2018); Kohlhaas v. New Jersey, 2017 WL

---

[2] Timiyah B. Gardner.

[3] The Court of Appeals suggested that the same absolute immunity would apply to a prosecutor's approval of a criminal complaint and a prosecutor's approval of a motion for an arrest warrant.  See id. (describing Kalina, 522 U.S. at 129).  This is not surprising.  There is no consequential difference between (a) obtaining an arrest warrant from a court by a free-standing motion for one, and (b) obtaining an arrest warrant because it piggy-backs on an application for judicial approval of a criminal complaint.

2

4776756, at *4 (D.N.J. Oct. 23, 2017), dismissed sub nom. Kohlhaas v. Sembler, 2018 WL 11447586 (3d Cir. Oct. 2, 2018); Ramos v. Poore, 2017 WL 1362017, at *4 (D. Conn. Apr. 11, 2017).

Bottom line: the Defendant-prosecutor here is entitled to absolute immunity under the governing caselaw.

\* \* \*

Against this conclusion, the Plaintiff presses three counterarguments. None is persuasive.

\* \* \*

The first counterargument: the Defendant-prosecutor is not absolutely immune because he supplied "false or misleading information" to the judge who issued the arrest warrant. See Letter (August 19, 2024) at 1.

The implicit legal premise of this argument appears solid. Prosecutors, for example, are not absolutely immune "for [their] act[s] in personally attesting to the truth of the averments." Kalina, 522 U.S. at 129.

But there is nothing like that here.

The Complaint does not allege that the Defendant-prosecutor represented anything to the judge about the underlying facts of the case. And there is no suggestion that the prosecutor personally attested to the truth of any allegation, or even that he had his own, independent sense of what might or might not have happened. Indeed, per the Complaint, the Defendant-prosecutor did not speak to any witnesses, and "[t]he sole basis" for the Defendant-prosecutor's conclusion of probable cause "was . . . the facts related [to him] by" a particular police officer. See Complaint ¶ 33.[4]

---

[4] Per paragraph 26 of the Complaint: "The Defendants made the arrest knowing that Plaintiff's arrest was without probable cause and that she was not involved in the altercation between the BMW driver/owner and the BP Gas Station employee, nor the purported robbery." "The Defendants" is not a defined term in the Complaint, and it is not used in a way that suggests that every use of "the Defendants" means that every Defendant allegedly acted. For example, the named Defendants include entities (like a town, the state of New Jersey, and 50 "John Doe" corporations) that could not have "made the arrest" of the Plaintiff. Moreover, context makes clear that in paragraph 26 "the Defendants" affirmatively does not include the Defendant-prosecutor. For example, the arrest was allegedly made at a

3

The Plaintiff cannot sidestep Kalina and Weimer based on allegations the Complaint does not make.

\* \* \*

The Plaintiff's next counterargument: absolute immunity is unavailable because the Defendant "was not acting as an advocate." Letter (August 19, 2024) at 3 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).

Advocacy is certainly a touchstone here. For example, the Supreme Court has held that "acts undertaken by a prosecutor . . . in the course of his role as an advocate . . . are entitled to the protections of absolute immunity." Buckley, 509 U.S. at 273 (emphasis added).

But here, the Defendant-prosecutor is on the advocacy side of the line. A prosecutor's "determination that the evidence was sufficiently strong to justify a probable-cause finding" is "the work of an advocate." Kalina, 522 U.S. at 130.

\* \* \*

The Plaintiff's final counterargument: the Supreme Court's decision in Burns v. Reed, 500 U.S. 478 (1991), puts absolute immunity out of bounds here. See Letter (August 19, 2024) at 2.

In Burns, the Supreme Court held that a prosecutor has qualified immunity for advising police on the existence of probable cause for an arrest. 500 U.S. at 492-96. At first glance, that may seem to clash with Kalina, which held that a prosecutor has absolute immunity for activities connected with the filing of a motion for an arrest warrant. See Kalina, 522 U.S. at 128-29.

Look closer, though, and the cases meaningfully differ. In each case, the prosecutor determined there was probable cause and an arrest was then made. Compare Burns, 500 U.S. at 482, with

---

police department, see Complaint ¶ 24, and it is police officers, not prosecutors, who typically make arrests. To cite another example, paragraph 26 alleges that the arresting "Defendants" knew the Plaintiff was not actually involved in certain key events. But those events were allegedly investigated by the police-officer Defendants, see id. at ¶ 19, and the Complaint specifically alleges that the Defendant-prosecutor did not talk to witnesses, did not review video footage, and, as noted, had a view as to the underlying facts of the referenced events based "sole[ly]" on what he learned from a police officer. See id. at ¶ 33.

4

Kalina, 522 U.S. at 121-22. In Burns, there was nothing between the prosecutor's determination and the arrest by the police. See 500 U.S. at 482. But in Kalina, there was something in between: an arrest warrant was obtained from a judge. See 522 U.S. at 121.

That difference --- direct judicial involvement versus none --- fixes the border here between absolute immunity (Kalina) and qualified immunity (Burns).

"[A] prosecutor is not entitled to absolute immunity when providing advice to police during a criminal investigation," including as to whether there is probable cause to make an arrest, "[b]ut when a prosecutor . . . decides to seek an arrest warrant based on an evaluation of probable cause, absolute immunity kicks in." Safar v. Tingle, 859 F.3d 241, 249 (4th Cir. 2017) (citations omitted).

Put differently, under the key Supreme Court cases, a prosecutor's determination that there is probable cause to make an arrest is generally shielded by (a) qualified immunity if the arrest is made without a warrant, and (b) absolute immunity if the arrest is made based on a judge-issued arrest warrant.[5]

---

[5] Two points. First, "generally" because there are exceptions to these rules. As noted above, for example, these rules apply differently when prosecutors personally attest to the truth of proffered facts. See Kalina, 522 U.S. at 129. Second, it is hardly surprising that judicial involvement marks a key dividing line. For example, the Supreme Court has long noted that prosecutors are entitled to absolute immunity in part to protect the judicial process. See Burns, 500 U.S. at 492; Forrester v. White, 484 U.S. 219, 226 (1988); Briscoe v. LaHue, 460 U.S. 325, 334-35 (1983); Butz v. Economou, 438 U.S. 478, 512 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). And the judicial process is put much more directly and immediately in play when an arrest warrant is sought than when there is a warrantless arrest. (Beyond the judicial process point, the Supreme Court has also said that its jurisprudence in this area is animated by a concern for "policy." See Imbler, 424 U.S. at 424; see also Butz, 438 U.S. at 509-10. The rules laid down by the Supreme Court, and set out in the text, would seem to strongly encourage prosecutors to seek judicial approval before authorizing arrests, so they can avoid the possibility of being sued. Perhaps this is animated by a sense from the Supreme Court that false arrests are more effectively curbed by prevention (the judge can say no to a prosecutor's arrest warrant application that does not meet the probable cause standard) than by the

Here, the arrest rested on a warrant --- and so <u>Burns</u> does not control, and under <u>Kalina</u> the Defendant-prosecutor is entitled to absolute immunity.[6]

\*   \*   \*

For the reasons set out above, the motion to dismiss is granted.

IT IS on this 20th day of September, 2024, **SO ORDERED.**

                                                Michael E. Farbiarz, U.S.D.J.

---

deterrence that is triggered by lawsuits (which might, in general, make prosecutors likelier to offer correct probable cause advice). <u>Cf</u>. <u>Mitchell</u> v. <u>Forsyth</u>, 472 U.S. 511, 522-23 (1985) (suggesting in this context that the "self-correcting" aspects of the judicial process may "obviate the need for damages actions"). Prevention and deterrence are somewhat distinct approaches to addressing the core downstream harm (false arrest) that flows from erroneous probable cause advice. Prevention operates by interposing a kind of midstream spigot. If presented with an arrest warrant, the judge has a chance to cut things off --- before erroneous advice leads to a false arrest. Deterrence is more diffuse, and it does its work upstream. It aims to reduce the overall flow of erroneous probable cause advice in the first place --- presumably on the idea that lowering the incidence of erroneous probable cause advice on the front-end will reduce the incidence of false arrests on the back-end.)

[6] To the extent there may be some arguable daylight between them, this Court must follow <u>Kalina</u> --- which is on point, and which the Supreme Court decided after <u>Burns</u>. And note: even under a qualified immunity standard, the Plaintiff would seem to have an uphill climb in cases like this one. Evaluated under a qualified immunity standard, a prosecutor's conclusion that certain allegations add up to probable cause is actionable only if it fell short of "clearly established" legal standards. <u>See generally</u> <u>Harlow</u> v. <u>Fitzgerald</u>, 457 U.S. 800, 818 (1982). But such an argument is likely harder to sustain when a judge agreed with the prosecutor as to probable cause, and issued an arrest warrant.